**Electronically Filed
Intermediate Court of Appeals
28521
12-JAN-2011
08:37 AM**

NO. 28521

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CITIBANK (SOUTH DAKOTA), N.A., Plaintiff-Appellee,
v.
DARREN KAMALU, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KO'OLAUPOKO DIVISION
(CIVIL CASE NO. 1RC06-1-140)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)


Defendant-Appellant pro se Darren Kamalu (Kamalu) appeals from the Judgment filed on March 29, 2007 in the District Court of the First Circuit, Ko'olaupoko Division,[1] (district court).  After a bench trial, the district court entered judgment in the amount of $14,839.93 in favor of Plaintiff-Appellee Citibank (South Dakota), N.A. (Citibank) and against Kamalu pursuant to the court's February 1, 2007 "Findings of Fact; Conclusions of Law; Order Directing Entry of Judgment in Favor of [Citibank] Against [Kamalu]" (FOF/COL/Order).

On appeal, Kamalu claims thirty points of error by the district court.  Most of the points allege errors in the district

---

[1]  The Honorable Faye M. Koyanagi presided.

court's Findings of Fact on the basis that the findings were supported by inadmissible evidence (we have grouped the points of error set forth below, when possible, by the evidence challenged). Kamalu contends the district court erred by:

        A.    "[p]resuming jurisdiction that allowed [Citibank] to violate federal laws," i.e., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq.;

        B.    "allow[ing] the matter to proceed without a plaintiff being represented in any manner to substantiate the complaint" and "where no controversy existed" between Citibank and Kamalu;

        C.    allowing the testimony of Terry Johnson, allegedly a third party "with no personal knowledge";

        D.    issuing findings regarding Citibank's normal business practices for mailing credit card agreements and statements when no Citibank employee testified regarding the practices;

        E.    issuing findings regarding the terms of the credit card agreement;

        F.    issuing findings based on the credit card statements because the statements were not verified under FDCPA and were inadmissible evidence because the statements came from CitiCorp Credit Services, Inc., not Citibank;

        G.    not deeming admitted the matters that Kamalu submitted to Citibank in his Request for Admissions under District Court Rules of Civil Procedure Rule 36(a);

        H.    not finding that Citibank owed Kamalu money, based on presumptions mandated by the Hawaii Rules of Evidence Rule 303(c); and

        I.    finding that Citibank issued two credit cards to Kamalu after he applied for them; Citibank owned the accounts associated with the cards; Kamalu made purchases and cash advances on the accounts; and Citibank loaned and/or advanced monies to third parties on Kamalu's behalf.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Kamalu's appeal is without merit.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on March 29, 2007 in the District Court of the First Circuit, Koʻolaupoko Division, is affirmed.

DATED:   Honolulu, Hawaiʻi, January 12, 2011.

On the briefs:

Darren Kamalu,
Defendant-Appellant pro se.

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of Marvin
  S.C. Dang, LLLC)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge